Che L. Hashim, Esq. (SBN 238565)
1901 Harrison Street, Suite 1100
Oakland, CA 94612
Tel: 415/902-0949
Email: che.hashim.esq@gmail.com


Attorney for Plaintiff
TRACY ZIMBERG, an incompetent adult,
by and through her Guardian Ad Litem
RHONDA ZIMBERG-LIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ZIMBERG, an incompetent adult, by and through her Guardian Ad Litem RHONDA ZIMBERG-LIN, <br>        Plaintiff, <br>        vs. <br><br>CITY OF LONG BEACH; BRIAN IVERS in his individual capacity; VINCENT FASULLO  in his individual capacity; ALEJANDRO SANTOS  in his individual capacity, and DOES 1-50, <br>        Defendants. | Case No. <br><br><br>**Plaintiff's Complaint For Damages** <br><br><br>**Jury Trial Demand** |

Plaintiff, TRACY ZIMBERG, by and through her Guardian ad Litem, RHONDA ZIMBERG-LIN, for her Complaint against Defendants, states as follows:

## JURISDICTION

1. This is a civil rights action arising from Defendants' wrongful shooting, use of excessive force and recklessly provocative tactics, resulting in severe and permanent injury to TRACY ZIMBERG on or about June 16, 2024 at her

apartment located at ███████████████ in the County of Los Angeles, California. This action is brought pursuant to 42 USC §§ 1983 and 1988; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 et seq.; § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794 and 794a et seq.; 42 U.S.C. §§ 2000d-7 and 12202; and the First, Fourth, and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California, including but not limited to California Civil Code §§ 52.1 and 52, and California common law. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events and/or omissions complained of herein occurred in Los Angeles County, California, and this action is properly assigned to the Western Division of the United States District Court for the Central District of California.

## PARTIES AND PROCEDURE

3. Plaintiff TRACY ZIMBERG is a resident of the State of California and brings these claims individually, through her Guardian ad Litem RHONDA ZIMBERG-LIN for violation of Plaintiff's personal rights.

4. Plaintiff brings these claims pursuant to 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law. Plaintiff further brings these claims as a Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

5. Defendant CITY OF LONG BEACH ("LONG BEACH") is a municipal entity established by the laws and Constitution of the State of California, employs other defendants in this action, and is subject to the Americans with Disabilities Act.

6. Defendant OFFICER BRIAN IVERS ("IVERS") at all material times was

employed as a police officer by Defendant CITY OF LONG BEACH, and he was acting within the course and scope of that employment. He is being sued in his individual capacity.

7.  Defendant OFFICER VINCENT FASULLO ("FASULLO") at all material times was employed as a police officer by Defendant CITY OF LONG BEACH, and he was acting within the course and scope of that employment. He is being sued in his individual capacity.

8.  Defendant OFFICER ALEJANDRO SANTOS ("SANTOS") at all material times was employed as a police officer by Defendant CITY OF LONG BEACH, and he was acting within the course and scope of that employment. He is being sued in his individual capacity.

9.  The true names and capacities of Defendants sued herein as DOES 1-50 ("DOE defendants™") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of CITY OF LONG BEACH, and at all material times acted within the course and scope of that relationship.

10. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Defendants IVERS, FASULLO and SANTOS.

11. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

12. At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant to the events and violations of rights described herein, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

13. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of the CITY OF LONG BEACH.

14. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

15. Plaintiff timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

16. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

**GENERAL ALLEGATIONS**

16. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

17. At all material times, TRACY ZIMBERG was a 40 year-old woman with bipolar disorder with psychotic features, and/or schizoaffective disorder (bipolar type), and/or borderline personality disorder. She was moderate- to high-functioning, despite this mental illness, and lived alone.

18. On or about June 16, 2024, Defendant IVERS shot TRACY ZIMBERG in the face, while she was inside of her residence at ███████████████████ in the County of Los Angeles, California.

19. Before the shooting, on information and belief, Defendants Defendants IVERS, FASULLO and SANTOS had been informed and knew of facts giving notice that

TRACY ZIMBERG was mentally ill and/or emotionally disturbed. As a California POST-certified peace officer, Defendants IVERS, FASULLO and SANTOS were trained as to the reasonable and safe tactics for handling contacts with mentally ill and/or emotional disturbed persons, including, but not limited to, seeking appropriate backup from other officers, to avoid placing oneself in a zone of potential danger near the person; to use de-escalating tactics and communication to build trust and help the person understand that the officer is there to help, to avoid threatening the person, to avoid physical contact with the person if possible to lessen any startle response, to avoid pointing weapons at the person, and to give the person time to calm down if the person is agitated. On information and belief, during their contact with TRACY ZIMBERG, Defendants IVERS, FASULLO and SANTOS violated this clearly established training and generally accepted law enforcement standards for handling mentally ill and/or emotional disturbed persons.

20. On information and belief, on June 16, 2024 Defendants IVERS, FASULLO and SANTOS responded to a call relating to a person named "Tracy" holding a gun outside of apartment #305 at 1081 Long Beach Boulevard. The call indicated that "Tracy" had been heard yelling that she was "King Jesus."

21. On information and belief, prior to the date of this incident, CITY OF LONG BEACH police officers had conducted a welfare check on TRACY ZIMBERG, at and inside her residence at 1081 Long Beach Boulevard, after receiving information from family members that she was mentally ill and in need of assistance. During that welfare check, TRACY ZIMBERG was asked whether she owned any weapons, and TRACY ZIMBERG showed officers a replica (toy) non-operable firearm. CITY OF LONG BEACH police officers who conducted the welfare check, allowed TRACY ZIMBERG to retain the item. CITY OF LONG BEACH therefore knew that TRACY ZIMBERG possessed, with consent from CITY OF LONG BEACH police officers, a replica (toy) firearm which was non-

operable as a firearm and which CITY OF LONG BEACH police officers knew presented no threat of discharge.

22. Defendant IVERS arrived to ███ before any other officers, and was told specifically not to enter the apartment building until another unit arrived. Defendant FASULLO arrived on scene and found that Defendant IVERS had already entered the apartment building.

23. DEFENDANT SANTOS arrived and entered the building prior to any arrest plan being formulated.

24. Contrary to well established policy, no arrest plan was established prior to the Defendant officers' entry into the apartment building, and no Emergency Action Team was formed prior to their entry and contact with TRACY ZIMBERG.

25. Defendant SANTOS observed TRACY ZIMBERG in the third floor hallway of the apartment building, and saw her in close proximity to another individual without any visible distress by either.

26. Defendant SANTOS advanced on TRACY ZIMBERG and believed he saw what turned out to be the replica (toy) gun that CITY OF LONG BEACH police officers had allowed her to retain during the prior welfare check.

27. Defendant SANTOS ordered TRACY ZIMBERG to "drop the gun" and TRACY ZIMBERG ran into her apartment, #305. Defendants had no reason to believe anyone other than TRACY ZIMBERG was then in apartment #305.

28. Defendants IVERS and FASULLO took up positions some distance from, but directly in front of the door to apartment #305. TRACY ZIMBERG never opened the door wider than would allow only her hands to extend sideways along the hallway wall outside of her door.

29. Defendants IVERS and FASULLO gave a command for TRACY ZIMBERG to put her hands up. TRACY ZIMBERG'S hands extended out of the door which was only slightly ajar, and she was holding the replica (toy) firearm.

30. Defendants IVERS and FASULLO gave no further warning to drop the item, or

any warning that deadly force would be used.  Officer IVERS shot four times, through the door to apartment #305, striking TRACY ZIMBERG in the mouth.

31. Prior to shooting TRACY ZIMBERG in the mouth, the replica (toy) firearm was never pointed in the direction of Defendants IVERS, FASULLO or SANTOS.

32. At all times, TRACY ZIMBERG posed neither a significant nor immediate threat of death or serious physical injury to Defendants, officers, or others.

33. At all material times, Defendants IVERS, FASULLO and SANTOS knew and/or had reason to know that Decedent was a mentally ill and/or emotionally disturbed person. Defendants failed to follow generally accepted law enforcement standards and training for safely handling Decedent as a mentally ill and/or emotionally disturbed person.

34. Defendants IVERS, FASULLO and SANTOS had feasible and prudent alternatives to deadly force, including to move tactically to get out of the way from any potential threat he may have misperceived from TRACY ZIMBERG who was harmless and not armed with a firearm. Alternatively, Defendants IVERS, FASULLO and SANTOS unreasonably and unnecessarily placed themselves into a zone of potential danger without due care and in violation of his training and generally accepted law enforcement standards.

35. Further, as a result of Defendants IVERS, FASULLO and SANTOS's own unreasonable, reckless, excessive, unlawful, and provocative conduct, Defendants IVERS, FASULLO and SANTOS created and agitated the situation where deadly force was used and Defendant IVERS' reaction was disproportionate to the situation he faced.

36. Defendant IVERS's unlawful and provocative tactics and use(s) of force were unnecessary and unreasonable under the circumstances, caused the use of unnecessary and excessive deadly force, were conscience shocking, done with a purpose to harm, and without a legitimate law enforcement purpose.

37. At all material times, and alternatively, the actions and omissions of each

defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, purposely harmful and/or deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

38. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    1.   Serious and permanent physical and psychological injury to TRACY ZIMBERG;

    2.   Hospital and medical expenses;

    3.   Violation of constitutional rights;

    4.   Pain and Suffering, including emotional distress;

    5.   All damages, penalties, and attorneys' fees and costs recoverable under 42 USC §§ 1983, 1988, 12205, 29 U.S.C. § 794a, the ADA, the RA, California Civil Code §§ 52, and 52.1, California Code of Civil Procedure §1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## COUNT ONE
## 42 USC §1983

**PLAINTIFF AGAINST DEFENDANTS IVERS, FASULLO AND SANTOS, AND DOES 1-50**

29. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

30. By the actions and omissions described above, Defendant IVERS and DOES 1-50 violated 42 USC §1983, depriving Decedent of the following clearly established and well- settled constitutional rights protected by the First, Fourth and Fourteenth Amendments to U.S. Constitution:

    1.   The right to be free from unreasonable searches and seizures as secured by

the Fourth Amendment;

2. The right to be free from excessive and unreasonable force in the course of arrest or detention, including the use of unlawful deadly force, as secured by the Fourth Amendment;

3. The right to be free from the use of force, including deadly force, that shocks the conscience and that is used without a legitimate law enforcement purpose as secured by the Fourteenth Amendment;

32. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff and Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

33. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth above.

34. The conduct of Defendants IVERS, FASULLO AND SANTOS and DOES 1-50 entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 and California law. Plaintiff does not seek punitive damages against the CITY OF LONG BEACH.

35. Plaintiff is also entitled to reasonable costs and attorneys" fees under 42 USC §1988 and applicable federal and California codes and laws.

**COUNT TWO**

**42 USC §1983 (Monell Liability)**

**PLAINTIFF AGAINST DEFENDANT CITY OF LONG BEACH AND DOES 1-50**

36. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

37. The unconstitutional actions and/or omissions of Defendants IVERS, FASULLO AND SANTOS and DOES 1-50, and other officers employed by or acting on behalf of the CITY OF LONG BEACH, on information and belief, were pursuant to the following customs, practices, and/or procedures of the CITY OF LONG

BEACH:

1. To use or tolerate the use of excessive and/or unjustified force;

2. To use or tolerate the use of unlawful deadly force including permitting and training officers (i) to use deadly force when faced with less than an immediate threat of death or serious bodily injury, (ii) to use deadly force prematurely, or as a 'first resort,' or when facing a mere potential threat; and (iii) to use deadly force without giving a proper warning when one would be feasible;

3. To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling mentally ill, emotionally disturbed and/or medically disabled persons;

4. To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling disabled persons particularly persons with a mental illness and/or emotional disturbance;

5. To fail to accommodate persons with disabilities, particularly mental illness and/or emotional disturbance;

6. To cover-up violations of constitutional rights by any or all of the following:

    1. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of mentally ill or emotionally disturbed persons;

    2. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

    3. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or

unlawful police conduct, by withholding and/or concealing material information;

7. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

8. To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.; and

9. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (h) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs.

38. CITY OF LONG BEACH, and DOES 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants IVERS, FASULLO AND SANTOS and DOES 1-50, and other CITY OF LONG BEACH personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

39. Defendant CITY OF LONG BEACH and DOES 1-50 ratified and approved the unconstitutional actions and conduct of, Defendants Defendants IVERS, FASULLO AND SANTOS, as described above. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to Defendant CITY OF LONG BEACH and DOES 1-50 and that they had direct knowledge of the fact that the shooting was not justified, but represented an unconstitutional display of unreasonable, excessive and deadly force. Notwithstanding this knowledge, Defendant CITY OF LONG BEACH and DOES 1-50 approved of

Defendant IVERS' shooting of TRACY ZIMBERG, and the integral role Defendants FASULLO and SANTOS played in it, and made a deliberate choice to endorse Defendant IVERS' shooting of TRACY ZIMBERG and the basis for that shooting. By so doing, Defendant CITY OF LONG BEACH and DOES 1-50 have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

40. Defendant CITY OF LONG BEACH and DOES 1-50's failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as their unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants IVERS, FASULLO AND SANTOS and Does 1-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth above.

41. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff, and others would be violated by their acts and/or omissions.

42. As a direct and proximate result of the unconstitutional actions, omissions, and deliberately indifferent supervision of Defendants CITY OF LONG BEACH, and DOES 1-50 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys" fees as set forth above, including punitive damages.

## COUNT THREE
## VIOLATION OF CIVIL CODE §52.1
## PLAINTIFF AGAINST DEFENDANTS IVERS, FASULLO AND SANTOS, AND DOES 1-50

43. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

44. By their acts, omissions, customs, and policies, Defendants IVERS, FASULLO AND SANTOS and DOES 1-50, acting in concert/conspiracy as described above, interfered with, attempted to interfere with, and violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution (where Decedent's rights were violated, this count is brought as a survival claim; where Plaintiff's rights were violated, this count is brought by Plaintiff individually):

1. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment;

2. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, including the use of unlawful deadly force, as secured by the Fourth Amendment;

3. Plaintiff's right to be free from the use of force, including deadly force, that shocks the conscience and that is used without a legitimate law enforcement purpose as secured by the Fourteenth Amendment;

4. Plaintiff's right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

5. Plaintiff's right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

45. Unlawful deadly force which violates the Fourth Amendment violates the Bane Act. Defendants' use of unlawful deadly force against Plaintiff in and of itself constitutes threat, intimidation, or coercion. Additionally, Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion:

1. Threatening TRACY ZIMBERG in the absence of any threat presented by TRACY ZIMBERG, or any justification whatsoever;

2.   Using deliberately reckless and provocative tactics to apprehend TRACY ZIMBERG in violation of generally accepted law enforcement training and standards, and in violation of TRACY ZIMBERG'S rights;

3.   Causing at least one officer to point a gun at TRACY ZIMBERG, threatening the use of deadly force, without justification;

4.   Threatening violence against TRACY ZIMBERG, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j); See Chaudhry v. City of Los Angeles, 2014 WL 2030195, at *6 (9th Cir. May 19, 2014) (citing Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir. 2013)).

5.   Causing TRACY ZIMBERG to be shot, without warning and without justification; and

6.   Violating TRACY ZIMBERG'S rights to be free from unlawful seizures by excessive force.

46.   The threat, intimidation, and coercion described herein were not necessary or inherent to any legitimate and lawful law enforcement activity.

47.   Further, all of Defendants' violations of duties and rights, and coercive conduct described herein, were volitional acts; none was accidental or merely negligent.

48.   As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff (individually and for Decedent) sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, and punitive damages against Defendants IVERS, FASULLO AND SANTOS and DOES 1-50, including all damages allowed by California Civil Code §§ 52, 52.1 and California law, not limited to costs, attorneys' fees, three times actual damages, and civil penalties.

//
//
//

## COUNT FOUR

## NEGLIGENCE; PERSONAL INJURIES

## PLAINTIFF AGAINST DEFENDANTS IVERS, FASULLO AND SANTOS,  CITY OF LONG BEACH, AND DOES 1-10

49.  Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

50.  At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

51.  At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

52.  These general duties of reasonable and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

    1.  to refrain from using excessive and/or unreasonable force against TRACY ZIMBERG;

    2.  to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

    3.  to refrain from abusing their authority granted them by law;

    4.  to use tactics and force appropriate for a disabled, mentally ill and/or emotionally disturbed person having a medical emergency;

    5.  to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

53.  Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendant CITY OF LONG BEACH and DOES 1-50, include but are not limited to the following specific obligations:

    1.  to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline CHP officers under their supervision (including Defendants IVERS, FASULLO AND SANTOS and DOES 1-50) to ensure that those employees/agents/officers act at all times in the public interest

and in conformance with law;

    2.   to make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiff's.

    3.   to refrain from making, enforcing, and/or tolerating the wrongful procedures, training, and customs set forth above.

54. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

55. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, and punitive damages against Defendants IVERS, FASULLO AND SANTOS and DOES 1-50.

**COUNT FIVE**

**ASSAULT AND BATTERY**

**PLAINTIFF AGAINST DEFENDANTS IVERS, FASULLO AND SANTOS AND DOES 1-50**

56. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

57. The actions and omissions of Defendants IVERS, FASULLO AND SANTOS and DOES 1-50 as set forth above constitute assault and battery.

58. As a direct and proximate result of Defendants' assault and battery of TRACY ZIMBERG, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above, and punitive damages against Defendants IVERS, FASULLO AND SANTOS and DOES 1-50.

//
//
//
//

**COUNT SIX**

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
(ADA)(TITLE II)**

**AND REHABILITATION ACT (RA)**

**AGAINST DEFENDANT CITY OF LONG BEACH**

59. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

60. Congress enacted the Americans with Disabilities Act ('ADA") upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 US.C. § 121019(a)(2).

61. The ADA, 42 U.S.C. § 12182(b)(1)(A)(iii), provides in pertinent part that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals."

62. Decedent was a "qualified individual" with a mental illness, disability and medical impairments that limited and/or substantially limited her ability to care for herself and control her mental, medical or physical health condition as defined under the ADA, 42 U.S.C. § 12131(2), and Section 504 of the Rehabilitation Act ("RA") of 1973,29 U.S.C. § 794, 28 C.F.R. 42.540(k). Further, Defendant CITY OF LONG BEACH, through its employees and agents, knew or should have known that Decedent was disabled and/or mentally ill and/or emotionally disturbed.

63. Defendant CITY OF LONG BEACH is a municipal entity whose services, programs, and/or activities are covered under and governed by the ADA and RA, and regulations promulgated under each of these laws.

64. Defendant is within the mandate of the RA that no person with a disability may be

"excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity." 29 U.S.C. § 794.

65. Further, Plaintiff is informed and believes and thereon alleges that Defendant CITY OF LONG BEACH receives federal financial assistance.

66. Under the ADA, the CITY OF LONG BEACH is mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities and developmental disabilities . . ." and to ensure "that the personal and civil rights" of persons who are receiving services under its aegis are protected.

67. Also under the ADA, the CITY OF LONG BEACH is mandated not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The ADA applies generally to police "services, programs, or activities." 42 U.S.C. § 12132. The ADA applies to arrests, other seizures, and Defendants' contacts with TRACY ZIMBERG.

68. At all material times and as described herein, Plaintiff TRACY ZIMBERG (1) was an individual with a disability; (2) was otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities, including the CITY OF LONG BEACH'S police services, programs, or activities; (3) was either excluded from participation in or denied the benefits of the CITY OF LONG BEACH'S services, programs or activities or was otherwise discriminated against by the CITY OF LONG BEACH; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability. Defendant CITY OF LONG BEACH is vicariously liable for the conduct of its employees and agents under the ADA and RA.

69. Alternatively, Defendant CITY OF LONG BEACH, through its employees and agents, wrongfully seized, and shot TRACY ZIMBERG because Defendants

IVERS, FASULLO AND SANTOS and DOES 1-50 misperceived the effects of TRACY ZIMBERG'S disability as criminal activity.

70. Alternatively, Defendant failed to reasonably accommodate Plaintiff's disability in the course of contacting and seizing her, causing her to suffer greater injury in the process than other detainees or arrestees. Plaintiff's need for accommodation was obvious and apparent, based on the totality of the circumstances, Defendants IVERS, FASULLO AND SANTOS' actual knowledge, and Defendants IVERS, FASULLO AND SANTOS' training on generally accepted law enforcement standards. The reasonable accommodation that Defendant was required to provide, and failed to provide, include having Defendants IVERS, FASULLO AND SANTOS and DOES 1-50 follow state of California POST training and generally accepted standards for safely handling mentally ill and/or emotionally disturbed individuals and other appropriate tactics and alternatives, including as described above.

71. As a direct and proximate result of Defendant's violations of the ADA and RA, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1. compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

2. punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

3. all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§ 1983, 1988, and 12205 and Title IT of the ADA, 29 U.S.C. §§ 794 and 794a, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., and 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/

or federal law;

4. Injunctive relief, including but not limited to the following:

    1. an order prohibiting Defendants from engaging in the unconstitutional or unlawful customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

    2. an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for handling, stopping, and seizing individuals with disabilities, including mentally ill and/or emotionally disturbed persons;

    3. an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for the use of deadly force;

    4. an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

    5. an order requiring Defendants to train all CITY OF LONG BEACH police officers concerning generally accepted and proper tactics and procedures and this Court's orders concerning the issues raised in injunctive relief requests i- iv, above;

5. Such other and further relief as this Court may deem appropriate.

Dated: July 9, 2025

                                */s/ Che L. Hashim*
                                Che L. Hashim
                                Attorney for
                                TRACY ZIMBERG, an incompetent adult, by and through her Guardian Ad Litem,
                                RHONDA ZIMBERG-LIN

                                1901 Harrison Street, Suite 1100
                                Oakland, CA 94612
                                Tel: 415/902-0949
                                Email: che.hashim.esq@gmail.com