JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRACY ZIMBERG,<br><br>    Plaintiff,<br>  v.<br><br>CITY OF LONG BEACH, et al.,<br><br>    Defendants. | No. 2:25-cv-06206-BFM<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |

## I.

## BACKGROUND

On July 9, 2025, Plaintiff Tracy Zimberg filed a Complaint alleging civil rights violations against the City of Long Beach and individual police officers employed by the city. (ECF 1.) On October 15, 2025, the Court issued an Order to show cause why the case should not be dismissed for lack of prosecution and ordered Plaintiff to respond by October 22, 2025. (ECF 4.) Plaintiff has not responded to the Court's Order.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to Plaintiff's failure to prosecute or to comply with court orders, the Court must consider the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and quotation marks omitted); *see also In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff has not responded to the Court's October 15, 2025, Order. (ECF 4.) Plaintiff's failure to prosecute and failure to follow court orders hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *Eisen*, 31 F.3d at 1452-

2

53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on their merits—ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move its case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this obligation despite having been instructed on these responsibilities and granted sufficient time in which to discharge them. (*See* ECF 4.) Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with court orders, or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—weighs in favor of dismissal. The Court attempted to avoid dismissal when it issued its October 15, 2025, Order, giving Plaintiff an opportunity to show cause why this case should not be dismissed. Nonetheless, as of the date of this Order, Plaintiff has failed to take any action or otherwise respond to that Order. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.

Taking the above factors into account, dismissal for failure to prosecute and to follow court orders is appropriate. Such a dismissal, however, should not be entered unless Plaintiff has been notified that dismissal is imminent. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, Plaintiff was cautioned about the possibility of dismissal in the Court's October 15, 2025, Order. (ECF 4.)

### III.

### CONCLUSION

For these reasons, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders. **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.

DATED: November 3, 2025

_____

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE